United States District Court
Middle District of Florida
Jacksonville Division

**WHERTEC, INC.,**

 *Plaintiff,*

v.                 NO. 3:20-cv-1254-J-39PDB

**SIANO SALMON ET AL.,**

 *Defendants.*

---

# Order

  The plaintiff asks the Court to seal certain exhibits to a declaration supporting a motion for a preliminary injunction. Docs. 10, 24, 24-1. The plaintiff's counsel states she conferred with the defendants' counsel by email about the requested relief at least two days before filing the motion but cites Local Rule 7.1 for the Southern District of Florida instead of Local Rule 3.01(g) for the Middle District of Florida. Doc. 10 at 3. She states the defendants' counsel "acknowledged" her email but stated no position on the request. Doc. 10 at 3. The defendants have not responded, and the time to do has passed.

  The law on sealing is in the order entered on December 10, 2020. Doc. 17.

  The Court grants the request for sealing, Docs. 10, 24, 24-1, to the extent the clerk is directed to maintain the following exhibits under seal: Docs. S-22

(Ex. 1 to motion), S-22-1 (Ex. 2 to motion), S-22-2 (Ex. 3 to motion),[*] S-22-3 (Ex. 4 to motion), S-22-4 (Ex. 5 to motion), S-22-5 (Ex. 6 to motion), S-22-6 (Ex. 7 to motion), and S-22-7 (Ex. 8 to motion).

For these exhibits, the presumption of public access is rebutted. The exhibits contain customer, pricing, sales, and other business information protected by the plaintiff and not publicly available that could be used unfairly by competitors if publicly available. The parties have filed the motion and response without redactions, enabling the public to understand the arguments, *see* Docs. 9–9-1, 31–31-9, and no less restrictive alternative is available. The information must remain sealed until the close of the case or any appeal, whichever is later, or upon an order directing otherwise. The Court will not return or destroy the sealed documents at the close of the case as the plaintiff requests, Doc. 24 at 7; copies of the documents are in the CM/ECF system and cannot be returned as they had been under the old paper filing system.

The clerk is directed to unseal the following exhibits: Docs. S-22-8 (Ex. 9 to the motion), and S-22-9 (Ex. 10 to the motion). The plaintiff states those exhibits need not remain sealed. Doc. 24 at 4 n.1.

---

[*]The plaintiff claims exhibit 3 of the motion "contains specific order and sales history, which includes detailed sales, costs, and profit information for Plaintiff's business operations." Doc. 24 at 4. The exhibit does not appear to contain that type of information but, like exhibit 2 of the motion, contains other information worthy of sealing.

Nothing in this order should be construed to mean any of the plaintiff's information constitutes a "trade secret" as that term is defined by statute. Moreover, nothing in this order prohibits discussion of the exhibits at any hearing or trial.

**Ordered** in Jacksonville, Florida, on January 12, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*