United States District Court
Middle District of Florida
Jacksonville Division

**WHERTEC, INC.,**

    *Plaintiff,*

v.                                                                 **NO. 3:20-cv-1254-BJD-PDB**

**SIANO SALMON ET AL.,**

    *Defendants.*

# Order

The defendants request leave to file under seal exhibit 6 to their response to the plaintiff's motion for leave to file a fourth amended complaint, Doc. 110, and to maintain in redacted form the plaintiff's motion, Doc. 107, and the proposed fourth amended complaint, Doc. 107-1. Doc. 109. The request is unopposed. Doc. 109 at 7.

In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). To decide if the presumption applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* The presumption applies to any paper attached to a document that invokes judicial resolution on the merits. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

The presumption is not absolute; the Court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Factors may include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Local Rule 1.11(a) adds, "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation."

The defendants provide sufficient information to overcome any presumption of public access to exhibit 6 and the related redacted information. The document and related redacted information concern confidential business information about Integrated Global Services (IGS), including business strategies and financial plans, and its disclosure would provide IGS's competitors with an unfair advantage. Doc. 109 at 3, 6–7. The unredacted parts of the papers provide the public enough information to understand any judicial determinations made based on the papers. This order does not limit the information that may be used at trial.

Indefinite sealing is rarely warranted, and the defendants fail to show indefinite sealing is warranted here.

The Court therefore:

(1) **grants in part** the motion for leave to file under seal, Doc. 109;

(2) **directs** the defendants to file under seal exhibit 6 of the response to the motion for leave to file a fourth amended complaint, Doc. 110, by **September 1, 2021**;

(3) **directs** the plaintiff to file under seal unredacted versions of the motion for leave to file a fourth amended complaint, Doc. 107, and the proposed fourth amended complaint, Doc. 107-1, by **September 1, 2021**;

(4) **directs** the clerk to file under seal the exhibit, the unredacted version of the motion for leave to file a fourth amended complaint, and the unredacted version of the proposed fourth amended complaint until the close of the case or any appeal, whichever is later, or upon an order directing unsealing.

**Ordered** in Jacksonville, Florida, on August 25, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*