United States District Court
Middle District of Florida
Jacksonville Division

**WHERTEC, INC.,**

 *Plaintiff,*

v.                NO. 3:20-cv-1254-BJD-PDB

**SIANO SALMON ET AL.,**

 *Defendants.*

---

# Order

  Whertec, Inc., moves to file a fourth amended complaint to add a defendant and bring more claims. Doc. 107, S-118. Integrated Global Services (IGS) and the other defendants oppose amendment. Doc. 110. The background and procedural history are in the parties' papers and not repeated here.

  Under Federal Rule of Civil Procedure 15(a), a court should freely permit amendment to a pleading if justice so requires. This means a court should permit amendment unless an "apparent or declared reason" justifies declining to permit amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Haynes v.*

*McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoted authority omitted).

Rule 16(b) requires a district court to enter a scheduling order that limits "the time to join other parties [and] amend the pleadings." The rule continues, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court may not consider the liberal standard under Rule 15(a) and ignore Rule 16(b) because doing so "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). The good-cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (internal quotation marks omitted).

The Court **grants in part** and **denies in part** the motion.

The Court established a deadline of March 1, 2021, to add parties or amend the pleadings. Doc. 49. Since then, the Court has ordered further amendment to the complaint, Doc. 66, and, at the parties' request, Doc. 119, has extended by four months the other case management deadlines and the trial term, Doc. 124.

Even setting aside those activities affecting case management, Whertec presents good cause to belatedly amend its pleading to add Peter Castiglione as a defendant and claims of breach of contract against him; breach of fiduciary duty against him, Mark Smith, and William Nixon; and civil conspiracy against him, M. Smith, Nixon, and IGS. Whertec requested discovery in January 2021 but received no discovery until July 2021. The discovery included a previously undisclosed but allegedly incriminating slideshow painting a

picture of the alleged breaches and conspiracy underlying the new claims. That Whertec earlier suspected wrongdoing by Castiglione, *see* Docs. 110-1, 110-5, does not mean that Whertec possessed sufficient evidence to bring claims against him before finally receiving the discovery. The undue prejudice the defendants claim is not apparent. Through efforts they describe, they successfully defeated other claims. Discovery on the existing and the new claims will substantially overlap. Other deadlines have been extended, including the deadline to complete discovery. Amendment may spare them involvement in possible new, separate litigation against Castiglione.

Whertec fails to show that leave to add a new claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) is warranted. At a minimum, the proposed amendment would be futile. As the defendants contend, Whertec fails to cure the deficiencies the Court identified when dismissing Whertec's original FDUTPA claim. The Court determined IGS's alleged targeting and hiring of Whertec employees and alleged misrepresentations about Whertec failed to show consumer injury. Doc. 93 at 16–17. In the proposed pleading, Whertec alleges that besides those facts, IGS solicited Whertec's HVOF customers intending to increase pricing over time and used the same equipment and materials as Whertec but told consumers IGS provided superior service. *See* Doc. 107-1 ¶¶ 600–03; Doc. S-118 ¶¶ 600–03; *see also* Doc. 107-1 ¶ 63; Doc. S-118 ¶ 63 (alleging IGS bragged to consumers IGS had the same equipment and materials as Whertec). Regarding the former allegation, Whertec does not allege that IGS in fact increased prices. Regarding the latter allegation, considering that a company can use the same equipment and materials *and* provide superior service, the allegation does not support that IGS misled consumers.

By **October 12, 2021**, Whertec must (1) file on the public docket and as the operative pleading its redacted proposed pleading without the FDUTPA claim and (2) file under seal an unredacted version.*

By **November 8, 2021**, Whertec must serve Castiglione.

**Ordered** in Jacksonville, Florida, on October 8, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*Sealing is warranted for the reasons in the order granting the defendants' motion to seal. *See* Doc. 112.